IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD WILLIAMS,

        Plaintiff,             No. CIV S-06-0748 DFL KJM P

    vs.

COUNTY OF SACRAMENTO,
et al.,

        Defendants.         <u>ORDER</u>
_____/

        Plaintiff is a state prison inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $ 42.00 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

2

1    In his second amended complaint, plaintiff alleges that probation officers Hocking

2  and Walker submitted a report to the court alleging that plaintiff had violated his probation by

3  failing to submit to drug tests.  Second Amended Complaint (Sec. Am. Compl.), ¶¶ 24-25.

4  Thereafter, "the District Attorney orally alleged that this plaintiff had violation his probation

5  upon failures to test on certain specific dates," leading to the revocation of probation and

6  commitment to state prison.  Id., ¶ 26.  During proceedings on plaintiff's state habeas petition,

7  the court determined that no violation petition had been filed, plaintiff had not admitted any

8  violations, no hearing was held, and no specific findings of violation had been made.  Id., ¶ 29.

9  Ultimately, the superior court found plaintiff had not violated his probation.  Id., ¶ 31.

10    Plaintiff invokes 42 U.S.C. §§1983, 1985 and 1988 for alleged violations of his

11  right to due process and his right to be free of cruel and unusual punishment and this court's

12  pendent jurisdiction for state claims of interference with economic relations and false

13  imprisonment.  He seeks compensatory and punitive damages from these defendants:  the State

14  of California, the Department of Corrections and Rehabilitation, Sacramento County,

15  Sacramento County Superior Court, Sacramento County Public Defender's Office, Sacramento

16  County Probation Department, Sacramento County District Attorney's Office, Deputy Public

17  Defender Sienna Riffia, Assistant District Attorney Suzanne Salazar, Probation Supervisor Terry

18  Carter, and Sacramento County Probation Officers D. Walker and A. Hocking.

19  A.  Civil Rights Claims

20    1.  State Of California And The Department Of Corrections

21    The Eleventh Amendment prohibits lawsuits for damages against a state or its

22  agencies in federal court.  Air Transport Ass'n of America v. Public Utilities Comm'n, 833 F.2d

23  200, 203-04 (9th Cir. 1987).  This portion of plaintiff's claim is not cognizable; the state should

24  not be included as a defendant in any amended complaint.

25  /////

26  /////

1      2. <u>Sacramento County And The Agency Defendants</u>

2              In <u>Monell v. New York City Dept. Of Social Services</u>, 436 U.S. 658, 694 (1978),

3   the Supreme Court held a local government was not liable under the civil rights act simply

4   because the agency or local government employed a person who violated a plaintiff's

5   constitutional rights.  The basis for any such claim must be a showing of a governmental policy

6   or custom that was "the moving force" behind the constitutional violation.  <u>City of Oklahoma</u>

7   <u>City v. Tuttle</u>, 471 U.S. 808, 820 (1985).  The Ninth Circuit has distilled these pleading

8   requirements for a § 1983 action against a local government or agency:  the plaintiff must show

9   he was deprived of a constitutional right, the municipality has a policy, the policy amounts to

10  deliberate indifference to plaintiff's constitutional rights and the policy is the moving force

11  behind the constitutional violation.  <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1474 (9th Cir. 1992).  The

12  same requirements apply to a suit against a government employee in his official capacity,

13  because a judgment in such a case imposes liability on the government.  <u>Brandon v. Holt</u>, 469

14  U.S. 464, 472 (1985).  Plaintiff has alleged in conclusory fashion that the defendants' actions

15  stemmed from policies, but has not identified them, shown how any policy translates into

16  deliberate indifference to his rights, or shown how the policies are the moving force behind the

17  violation of his rights.

18      3. <u>Sienna Riffia</u>

19              Plaintiff alleges that Deputy Public Defender Riffia failed to represent him

20  adequately.  Sec. Am. Compl., ¶ 39.  Appointed counsel in a state criminal prosecution does not

21  act "under color of state law," a requirement of a civil rights action, in the typical course of

22  pursuing a defense.  <u>Tower v. Glover</u>, 467 U.S. 914, 920 (1984).  However, if counsel conspires

23  with state actors, this requirement is met.  <u>Id</u>.

24              In order to state a claim for conspiracy under § 1983, a plaintiff  must plead

25  specific facts suggesting mutual understanding among conspirators to deprive plaintiff of

26  constitutional rights.  Conclusory allegations are not sufficient.  <u>See</u> <u>Duvall v. Sharp</u>, 905 F.2d

4

1188, 1189 (8th Cir. 1990); <u>Woodrum v. Woodward County</u>, 866 F.2d 1121, 1126 (9th Cir.

1989); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980).   Plaintiff makes a bare assertion of

conspiracy without pleading specific facts.

Moreover, a plaintiff must connect the named defendants clearly with the claimed

denial of his rights.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 843 (1994) (official's liability for

deliberate indifference to assault requires that official know of and disregard an "excessive

risk"); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises

only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is

no respondeat superior liability under section 1983."); <u>Johnson v. Duffy</u>, 588 F.3d 740, 743-44

(9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named

defendant and claimed injury;  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194-95 (9th Cir. 1998),

<u>cert. denied</u>, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that

show that an individual was personally involved in the deprivation of his civil rights.").   In this

case, plaintiff has not described what actions or omissions Riffia undertook.

4. <u>Suzanne Salazar</u>

Plaintiff alleges that Assistant District Attorney Salazar made an oral motion to

violate plaintiff's probation based on his alleged failure to test.  Sec. Am. Compl., ¶ 26.

Construed liberally, this states a claim against defendant Salazar and may be included in an

amended complaint.

5. <u>Probation Officers Carter, Hocking And Walker</u>

Plaintiff alleges that probation officers Walker and Hocking prepared and

submitted a progress report to the court that claimed plaintiff had violated his probation.

Construed liberally, this states a claim against defendants Walker and Hocking.  Plaintiff does

not explain what role, if any, defendant Carter played in this sequence of events however.

/////

/////

6.  <u>42 U.S.C. § 1985</u>

In order to establish a claim under § 1985, plaintiff  must show "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971).  Plaintiff  must show that he belongs to a class for which "there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights."  <u>Schultz v. Sundberg</u>, 759 F.2d 714, 718 (9th Cir. 1985) (quotation omitted).  This in turn requires "either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection."  <u>Id</u>.  Plaintiff has not satisfied these requirements.

B.  <u>State Law Claims</u>

1.  <u>Failure To Discharge Mandatory Duty (State Law Claim)</u>

Plaintiff alleges that defendants Riffia, Salazar, Walker, Carter and Hocking failed to provide plaintiff with a probation revocation hearing under the Penal Code sections mandating such a hearing.

In California, liability under the mandatory duty statute, Cal. Gov't Code § 815.6, "is subject to immunities provided by a specific statute."  <u>O'Toole v. Superior Court</u>, 140 Cal.App.4th 488, 547-48 (2006).  Under California Government Code § 821.6, a public employee is "not liable for injury caused by his instituting and prosecuting any judicial or administrative proceeding within the scope of his employment. . . ."  This immunity has been found to shield those involved in proceedings to revoke probation.  <u>Taylor v. Jones</u>, 121 Cal.App.3d 885, 891 (1981).

It does not appear that deputy public defender Riffia would be immune within the meaning of this statute.  However, plaintiff has not shown that Riffia was under a mandatory duty affirmatively imposed by a statute that provides implementing guidelines.  <u>O'Toole</u>, 140 Cal.App.4th at 548.  Indeed, the statutes providing for probation revocation do not mention the

6

1    role of the public defender in such proceedings.  See Cal. Pen. Code §§ 1203.2, 1203.3.

2           This claim should not be included in any amended complaint.

3           2. False Imprisonment

4           The complaint states a claim for the tort of false imprisonment, and the claim may

5    be included in an amended complaint.

6           3. Interference With Economic Advantage (State Law Claim)

7           The elements of intentional interference with economic advantage are (1) an

8    economic relationship between the plaintiff and the third party with the probability of future

9    economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3)

10   intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual

11   disruption of the relationship; and (5) resulting damage.  Pacific Gas & Electric Co. v. Bear

12   Stearnes & Co.  50 Cal. 3d 1118, 1126 n.2 (1990).  Plaintiff's claim, stemming from his inability

13   to meet potential clients for his handyman service, does not meet the elements of this state cause

14   of action.  This should not be included in any amended complaint.

15   C.  Standards For The Amended Complaint

16          Although the Federal Rules adopt a flexible pleading policy, a complaint must

17   give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community

18   Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

19   degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.

20   Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure

21   8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

22   amended complaint to the extent plaintiff is able to prepare a complaint that takes account of the

23   above and complies with Federal Rule of Civil Procedure 11.  Alternately, plaintiff may notify

24   the court that he wishes to proceed only on the claims identified in this order as colorable claims

25   susceptible of service.

26   /////

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

4    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

5    there is some affirmative link or connection between a defendant's actions and the claimed

6    deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

7    1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

8    allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

9    Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11    order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

12    amended complaint be complete in itself without reference to any prior pleading.  This is

13    because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

14    Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

15    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

16    original complaint, each claim and the involvement of each defendant must be sufficiently

17    alleged.

18    D.  Request For Recognition Of Pro Per Status

19    On April 11 and May 22, 2006, plaintiff asked to court to order the Placer County

20    Jail to afford him the same access to the law library as that given to inmates who are representing

21    themselves in their criminal actions.  Plaintiff has subsequently been transferred to state prison,

22    rendering these requests moot.

23    In accordance with the above, IT IS HEREBY ORDERED that:

24    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

25    2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

26    Plaintiff is assessed an initial partial filing fee of $42.00.  All fees shall be collected and paid in

1  accordance with this court's order to the Director of the California Department of Corrections

2  and Rehabilitation filed concurrently herewith.

3          3.  Plaintiff's complaint is dismissed.

4          4.  Plaintiff is granted thirty days from the date of service of this order to file a

5  third amended complaint that complies with the requirements of the Civil Rights Act, the Federal

6  Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must

7  bear the docket number assigned this case and must be labeled "Third  Amended Complaint";

8  failure to file a second amended complaint in accordance with this order will result in a

9  recommendation that this action be dismissed.

10          5.  In the alternative, within thirty days of the date of this order, plaintiff may

11  notify the court that he desires to proceed only with those portions of the complaint which the

12  court has found to state a claim rather than to file a third amended complaint.

13          6.  Plaintiff's April 11 and May 22, 2006 requests for orders regarding law library

14  access are denied.

15  DATED:  December 15, 2006.

16  _____

17  U.S. MAGISTRATE JUDGE

18  2/will0789.14

19

20

21

22

23

24

25

26

9